# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMAND ANDREOZZI, *Petitioner*, v. BOBBY MEEKS, *Respondent*. | Civil Action No. 15-cv-11 Erie<br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DENYING WRIT OF HABEAS CORPUS |

Before the Court are Petitioner's Objections [22] to the Report and Recommendation ("R&R") [18] of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending denial of Petitioner's petition for a writ of habeas corpus. Having reviewed the Petition, the parties' briefs, and the R&R and objections thereto, the Court adopts the decision of the Magistrate Judge.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 12, 1998, Petitioner was convicted by United States Army General Court Martial of multiple felonies, including the rape of his ex-wife. Federal Initial Prehearing Assessment, Doc. 1-1 at 2. Petitioner was sentenced to an aggregate term of 27 years imprisonment. *Id*. Three days later, during Petitioner's off-site medical appointment, Petitioner "rushed" his escorting officer, Matthew Mann. *Id*. Petitioner gained control of Mann's gun; blind-folded and handcuffed Mann in the back of the officer's van; and then fled on foot. *Id*. Petitioner was eventually apprehended and found guilty of multiple corresponding felonies. *Id*. On November 13, 1998, Petitioner was sentenced to a consecutive term of 15 years imprisonment. *Id*.

1

Following a parole hearing approximately ten years later, in April 2008, the United States Parole Commission ("the Commission") set a presumptive parole date of December 1, 2013. Hr'g Summary, Doc. 1-2. As a "condition" of his presumptive release, the Commission "recommend[ed]" that Petitioner participate in Sex Offender Treatment. *Id*. at 5. Petitioner's presumptive release date of December 1, 2013 remained unchanged following both a statutory interim hearing in April 2010, and a hearing conducted pursuant to Petitioner's appeal in October 2012. Statutory Interim Hr'g, Doc. 1-3; 12/7/12 Notice of Action, Doc. 1-4.

On January 30, 2013, a victim witness coordinator with the Commission sent an internal memorandum requesting that Petitioner's "case be reopened." 1/30/13 Mem., Doc. 1-7. The coordinator wrote that while the Commission, at Petitioner's first hearing, had "considered the input from the victim[] of the first offense," *i.e.*, Petitioner's ex-wife, "the Commission did not have input from the victims of the second offense," *i.e.*, Mann and his family. *Id*. at 2. Mann and Mann's ex-wife, the coordinator explained, incorrectly believed that they were registered in the relevant electronic system such that they would be notified of any of Petitioner's parole hearings. *See* id. at 3. The Manns, the coordinator continued, did not know about Petitioner's earlier parole hearings, objected to Petitioner's release, and "continue to fear for their safety." *Id*. The Manns submitted letters to this effect, which the coordinator attached to her memorandum. *See* id.

The Commission considered the Manns' letters "new adverse information," and, pursuant to 28 C.F.R. § 2.28(f), reopened Petitioner's case. 2/1/13 Notice of Action, Doc. 5-12. The Commission notified Petitioner of its decision to reopen his case by letter dated February 1, 2013. *Id*. Approximately six weeks later, the Commission further notified Petitioner that it had rescinded his presumptive parole date of December 1, 2013, and that it would schedule a "Reconsideration Hearing on the next available docket." 3/13/13 Notice of Action, Doc. 1-6. Petitioner was not

provided any further documentation regarding the substance of the reconsideration hearing, including why the Commission reopened his case. *See* Doc. 5-1; 5-12; 1-6.

Petitioner's reconsideration hearing was held on June 25, 2013. Doc. 1 at 4. At the beginning of the hearing, the Hearing Examiner told Petitioner that the hearing had been scheduled for the Commission to consider the following three pieces of new, adverse information: "victim opposition to parole;" a Disciplinary Hearing Officer's 2013 finding that in December 2012, Petitioner physically fought with another inmate ("DHO decision"); and Petitioner's "unsuccessful[] discharge[]" from sex offender treatment. Gervasoni Decl., Doc. 5-1 ¶¶ 3-5 (quoting Audio recording 6/25/13 Hr'g, Ex. 13). The Examiner asked Petitioner whether he was "prepared to go forward today at this hearing to discuss those issues;" Petitioner responded, "Yes, ma'am." *Id*. at ¶ 6 (quoting Audio recording 6/25/13 Hr'g, Ex. 13). In addition to considering Petitioner's 2012 fight and his unsuccessful discharge from sex offender treatment, at the hearing, the Commission heard testimony from Mann and his father. 7/25/13 Post Hr'g Summary, Doc. 5-14.

Following the hearing, the Commission denied Petitioner parole and continued the matter until at least April 2023. 7/17/13 Notice of Action, Doc. 1-8. Petitioner timely appealed, requesting immediate parole. *See* 10/15/13 Appeal, Doc. 1-10 at 32. The National Appeals Board affirmed the Commission's decision. 1/27/14 Notice of Action on Appeal, Doc. 1-11.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Commission failed to comply with 28 C.F.R. § 2.55(a), which requires that the Commission, at least 60 days in advance of a parole hearing, notify a prisoner that he may request disclosure of the documentation on which the Commission will rely at a parole hearing; and that the Commission should not have considered the Manns' statements because in 2013, Petitioner

was serving the sentence imposed for his first set of crimes (against his ex-wife) and not for those involving Mann. Doc. 1 at 8; *see also* Pet'r's Br. in Supp., Doc. 1-11. According to Petitioner, such failures necessitate that the Court remand for a new parole hearing. Doc. 1 at 8 (citing *United States ex rel. Schiano v. Luther*, 954 F.2d 910, 919 (3d Cir. 2991)).

Magistrate Judge Baxter issued an R&R recommending that the petition for a writ of habeas corpus be denied. Doc. 18. Petitioner timely filed his Objections, arguing that he did not waive—or, alternatively, that he could not have waived—his right to request disclosure of the documents on which the Commission relied, and that the Manns' statements should not have been considered both because they are irrelevant and because they are based, in large part, on medical documents that were not presented at the hearing. *See* Doc. 22. Thus, Petitioner argues in his objections, the Commission violated his due process rights. *See id.*

## II. STANDARD OF REVIEW

When a party files objections to an R&R, the district court must review *de novo* those portions of the R&R to which objections are made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The District Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74.

A district court's "role in reviewing decisions by the Parole Commission on application for a writ of habeas corpus is limited." *Gambino v. Morris*, 134 F.3d 156, 160 (3d Cir. 1998). "The appropriate standard of review of the Commission's findings of fact . . . is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." *Id.* at 160 (quoting *Zannino v. Arnold,* 531 F.2d 687, 691 (3d Cir.1976) and citing 28 C.F.R. § 2.18). A court "must ensure that the Commission has followed criteria appropriate,

4

rational and consistent with its enabling statutes[.]" *Gambino*, 134 F.3d at 160. Additionally, a court must ensure that the Commission used parole guidelines in determining whether to grant parole. *See id*. However, the Commission is "authorized to 'deny release on parole notwithstanding the guidelines if it determines there is good cause for doing so.'" *Id*. (quoting 18 U.S.C. § 4206(c)) (internal alterations omitted). "[G]ood cause means substantial reason and includes only those grounds put forward by the Commission in good faith and which are not arbitrary, irrational, unreasonable, irrelevant or capricious." *Harris v. Martin,* 792 F.2d 52, 55 (3d Cir. 1986) (internal quotation omitted).

## III.   ANALYSIS

### A. Petitioner's Due Process Rights Were Not Violated

1. <u>The Commission's Failure to Comply with 28 C.F.R. § 2.55(a)</u>

There is no dispute that the Commission failed to comply with 28 C.F.R. § 2.55(a), which instructs that the Commission, at least 60 days prior to a parole hearing, must notify a prisoner of "his right to request disclosure of the reports and other documents to be used by the Commission in making its determination." *See* Pet., Doc. 1 at 6; Resp., Doc. 5 at 1. In his petition, Petitioner maintains that this failure *per se* necessitates that Petitioner be "granted a new hearing." *Id*. at 7. Additionally, or in the alternative, Petitioner asserts that his oral consent to proceed at the beginning of the hearing does not constitute "a waiver" pursuant to 28 C.F.R. § 2.55(e).[1] *Id*.; *see also* Doc. 1-11 at 12. According to Petitioner, a prisoner's waiver is effective only if given in

---

[1] 28 C.F.R. § 2.55(e) provides that: "When a timely request has been made [by a prisoner] for disclosure [of documents to be considered by the Commission at a hearing], if any document or summary of a document relevant to the parole determination has not been disclosed 30 days prior to the hearing, the prisoner shall be offered the opportunity to waive disclosure of such document without prejudice to his right to later review the document or a summary of the document. The examiner panel may disclose the document and proceed with the hearing so long as the prisoner waives his right to advance disclosure. If the prisoner chooses not to waive prehearing disclosure, the examiner panel shall continue the hearing to the next docket to permit disclosure. A continuance for disclosure should not be extended beyond the next hearing docket." Thus, § 2.55(e) provides that a prisoner may waive adequate notice; if he does not, he risks a later hearing date.

advance of the hearing date. *See* Doc. 1 at 7 (citing 28 C.F.R. § 2.55(e)) ("[Petitioner] was not given notice of his right to request disclosure of the reports, and therefore could not waive disclosure"). Respondent argues that Petitioner effectively "waived the notice requirement on record at the hearing when asked whether he was prepared to move forward," and, therefore, pursuant to § 2.55(e), the Commission properly proceeded with the hearing. Doc. 5 at 1. The R&R agreed and found that the Commission's failure to comply with § 2.55(a) was cured when it orally informed Petitioner of the new, adverse information and Petitioner consented to proceed. Doc. 18 at 7-8.[2]

In his objections, Petitioner asserts that the Commission's failure to send § 2.55(a) notice "den[ied] his right to defend himself of the claims presented at the hearing." Doc. 22. Though Petitioner orally consented to proceeding with the hearing, Petitioner maintains that he had neither "a basis nor the time to understand the gravity of agreeing to continue…given [that] he had no information made available to him prior to the actual moment of the hearing[.]" *See id*. at 3. Thus, Petitioner argues, the Commission violated his due process rights by proceeding with the hearing despite its failure to comply with § 2.55(a). *See id*.[3]

---

[2] The R&R additionally agreed with Respondent that because Petitioner did not allege any prejudice resulting from the Commission's failure to provide § 2.55(a) notice, he did not meet his burden regarding any supposed violation of due process. *See* Resp. to Pet., Doc. 5 at 7 (citing *Davis v. United States*, 411 U.S. 233, 245 (1973); *Franklin v. Fenton*, 642 F.2d 760, 764 (3d Cir. 1980); *Butler v. U.S. Parole Commission*, 570 F.Supp. 67, 73 (M.D. Pa. 1983)); *see also* R&R, Doc. 18 at 8-9 (citing United States ex rel. Schiano v. Luther, 954 F.2d 910, 915 (3d Cir. 1992). Moreover, the R&R found, Petitioner did not demonstrate—or even allege—that he was prejudiced by the lack of § 2.55(a) notice with regard to the DHO for fighting or his expulsion from the sex offender program, both of which Petitioner knew about well in advance of the hearing. *Id*. at 8-9. Given that Petitioner, in his petition, failed to allege any prejudice, the R&R is correct that Petitioner's petition fails to meet his burden. *See e.g.*, *Davis v. United States*, 411 U.S. 233, 245 (1973) ("[A]ctual prejudice must be shown in order to obtain relief from a statutorily provided waiver[.]"); *Butler v. Pennsylvania Bd. Of Probation and Parole*, 613 Fed. Appx. 119, 124 (3d Cir. 2015) ("[A] showing of prejudice is essential for a federal constitutional claim asserting denial of due process[.]"). As explained *supra*, however, Petitioner, in his objections, alleges prejudice resulting from the lack of § 2.55(a) notice.

[3] Petitioner additionally objects that certain documents on which the Manns "relied" were never disclosed. *See* Doc. 22 at 5-6. Specifically, Petitioner asserts, "Mann has claimed to have Post Traumatic Stress Disorder (PTSD) [and] he claims to have obtained counseling at the Veterans Administration (V.A.)," neither of which were "presented at the hearing." *Id*. at 5-6. There is no evidence, however, that the Commission ever had these medical documents. Nor has Petitioner cited any law or regulation requiring the Commission to obtain such documentation in order to accept a victim's statement.

However, "procedural due process is generally satisfied if the procedures employed afford notice of the hearing, an opportunity to be heard, and notice of any adverse action." *Goodman v. McVey*, 428 Fed. Appx. 125, 127 (3d Cir. 2011) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 16 (1979)). Near the commencement of the hearing, the Examiner informed Petitioner that he had "certain rights at today's hearing [] and I want to make sure you're prepared to go forward today." Doc. 5-1 ¶ 3 (quoting audio recording of 6/5/13 hearing, Ex. 13). The Examiner continued that "in addition to [victim opposition to parole] we [] need to consider…the DHO decision that you had for fighting…[a]nd then finally…you[r having been] unsuccessfully discharged as a failure from the sex offender treatment[.]" *Id*. The Examiner asked whether Petitioner was "prepared to go forward today at this hearing to discuss those issues;" Petitioner responded "Yes, ma'am." *Id*. at ¶¶4-6. 28 C.F.R. § 2.55(e) provides that "[t]he examiner may disclose the document and proceed with the hearing so long as the prisoner waives his right to advance disclosure." The Examiner did just that. Moreover, the Court does not find not convincing Petitioner's broad allegation that Petitioner did not understand the gravity of agreeing to proceed. Petitioner is serving a 47-year sentence and participated in at least 3 prior parole hearings. As Petitioner noted in his petition, in advance of Petitioner's prior hearings, Petitioner "regularly exercised his right to prehearing disclosure by requesting to inspect disclosable information[.]" Doc. 1 at 6. Additionally, as evidenced by Petitioner's lengthy and eloquent appeal to the National Appeals Board, *see* Doc. 1-10 at 2-35, Petitioner is far from illiterate, and the "new" information considered by the Commission in 2013 was not complex. *See Rodriguez v. Ebbert*, 2016 WL 3457157 at *3 (M.D. Pa. Jun. 20, 2016). Accordingly, Petitioner effectively and meaningfully waived his right to disclosure under § 2.55(a), and the Commission did not violate his due process rights by proceeding after receiving Petitioner's consent. *See*, *e.g.*, *Furnari v.*

7

*Warden, Allenwood Federal Correctional Inst.*, 218 F.3d 250, 254-55 (3d Cir. 2000); *Rodriguez*, 2016 WL 3457157 at *3.

During the hearing, Petitioner responded to each piece of "new" information, and he cross-examined the Manns, who appeared by video from the U.S. Attorney's Office.[4] *See* Doc. 5-14. Additionally, Petitioner was "represented" by a Bureau of Prison psychologist, who described Petitioner as "a very good inmate" who received good reports and acted respectfully. *Id*. Having considered all of the evidence presented at the hearing and found in Petitioner's file, and having assessed the parole guidelines, the Examiner "strongly recommend[ed] denial of parole." *Id*. at 4. Specifically, the Examiner found that Petitioner was "consistently described as manipulative and violent [] throughout his confinement." *Id*. For example, the Examiner noted, the incident report involving the DHO for fighting included Petitioner's statements that he was "tired of being nice [and] will handle things [his] own way." *Id*. at 5. Petitioner's expulsion from sex offender treatment was of "grave concern." *Id*. "Of most concern," the Examiner continued, are "the strong feelings expressed by the victim [Mann] of the harm caused by [Petitioner] and the continuing impact on his life." *Id*. at 4. Given the record presented, all of these findings have a rational basis and are not arbitrary or capricious. *See*, *e.g.*, *Goodman v. McVey*, 428 Fed. Appx. 125 (3d Cir. 2011). Further, Petitioner does explain how, for example, with advance notice, he would have responded differently to the DHO for fighting, his expulsion from sex offender treatment, or the testimony given by the Manns. *See* Doc. 22. Thus, to the extent that Petitioner claims that the Commission violated his substantive due process rights, *see generally* Doc. 22, Petitioner is

---

[4] For example, regarding the Sex Offender Treatment Program, Petitioner, at the hearing, stated that he felt it was "not really geared to his type of crime and believed it was more focused on child offenses," and he "admitted to difficulty in the program, including an infraction for Insolence[.]" Doc. 5-14 at 3. Regarding the 2012 fight, Petitioner both "denied fighting" and "claimed he was defending himself." *Id*. at 4. During Mann's testimony, Petitioner asked Mann to "please stop worrying about me." *Id*. at 3.

incorrect. *See Goodman*, 428 Fed Appx. at 127 ("To find a substantive due process violation, [a prisoner] would have to show that the violation involved action that shocks the conscience. Federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision.") (internal quotations omitted).

      2. The Commission's Consideration of the Manns' Statements

In his petition, Petitioner maintains that regardless of any §2.55(a) notice defect, the Commission erred by considering the Manns' statements because in 2013, Petitioner was serving the sentence imposed for the crimes he had committed against his ex-wife, and not against Mann. Doc. 1 at 7-8 (citing 28 C.F.R. § 2.19(a)(6)). Respondent argues that the Commission properly considered the Manns' statements because "[a]ll of Petitioner's criminal conduct is relevant to the question of whether he is suitable for parole release." Doc. 5 at 8 (citing 18 U.S.C. § 4207). To the extent that Petitioner, in his objections, continues to assert that the Manns' statements were irrelevant, *see* Doc. 22 at 4-5, Petitioner is incorrect. Had Petitioner been released on parole, he would have never actually served the time relating to his crimes against Mann. Thus, Mann would never have been given an opportunity to object to Petitioner's early release. In any event, "[i]n reaching its decision to grant or deny parole, the Commission may consider a broad range of sources, including presentence investigation reports and 'such additional relevant information concerning the prisoner…as may be reasonably available.'" *Gambino v. Morris*, 134 F.3d 156, 160 (3d Cir. 1998) (quoting 18 U.S.C. § 4207). Accordingly, Petitioner's due process rights were not violated by the Commission's consideration of the Manns' statements. *See, e.g., id.*; *Harris*, 792 F.2d at 55; *Rodriguez*, 2016 WL 3457175 at *3.

### B. Magistrate Judge Baxter Considered All Claims Brought Before the Court

Petitioner additionally objects that Magistrate Judge Baxter "considered only two claims" even though Petitioner "filed an appeal with the National Appeals Board in which he raised approximately 25 claims." *Id*. at 1, 5. Petitioner refers here to the *pro se* appeal he filed in October 2013 with the National Appeals Board, challenging the Commission's July 2013 denial of parole. *See id*. Though Petitioner included this appeal among his 12 attachments to his petition, in his petition, Petitioner writes only that in his appeal, he claimed that "his due process rights were violated[.]" Doc. 1-11 at 14. Petitioner does not, for example, itemize his "approximately 25 claims" in his petition. *See* Doc. 1. Neither does Petitioner, in his petition, request or otherwise suggest that the Court consider claims contained in filings other than his petition and brief in support thereof. *See* Pet., Doc. 1; Pet'r's Br. in Supp., Doc. 1-11. Instead, Petitioner's petition—which was filed by counsel—makes only the following allegations: the Commission violated 28 C.F.R. § 2.55(a); Petitioner, by orally consenting to proceed, did not waive his right to this disclosure pursuant to § 2.55(e); the Commission violated 28 C.F.R. § 2.19(a)(6) when it considered the Manns' statements; and as a result, Petitioner's due process rights were violated and the Court should remand for a new parole hearing. *See* Pet'r's Br. in Supp., Doc. 1-11; Pet., Doc. 1. Accordingly, the R&R considers all claims brought before the Court. *Compare* R&R, Doc. 22 *with* Pet., Doc. 1 *and* Pet'r's Br. in Supp., Doc. 1-11.

### IV.     CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The Court AFFIRMS the Report and Recommendation [22];

(2) The Court DENIES the petition for a writ of habeas corpus [1];

(3) The Clerk of Court is respectfully directed to send copies of this Order to Petitioner, Respondent, and to Judge Baxter.

**IT IS SO ORDERED**.

**DATED** this 19th day of September 2017.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE